**In re AJAYEM LUMBER CORP., Ajayem Lumber Midwest Corp., Ajayem Lumber Southeast Corp., Ajayem Lumber Corp. of Tampa, Debtors.**

**Jeffrey L. SAPIR, Trustee, Plaintiff,**

v.

**KEENER LUMBER COMPANY, INC., Defendant.**

**Bankruptcy Nos. 88 B 20609–88 B 20612. No. 92 Adv. 5072.**

United States Bankruptcy Court, S.D. New York.

July 16, 1992.

---

Mayer, Brown & Platt, New York City, for trustee.

Stephens, Buderwitz & Baroni, White Plains, N.Y., for Keener Lumber Co., Inc.

## DECISION ON MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant, Keener Lumber Co., Inc. ("Keener"), in a preference action brought by the Chapter 7 trustee for Ajayem Lumber Corp., Ajayem Lumber Midwest Corp., Ajayem Lumber Southeast, and Ajayem Lumber Corp. of Tampa (collectively the "debtors"), has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056. Keener argues that payments that it received from the debtors within the 90-day preference period are not voidable because

the payments were intended as a contemporaneous exchange for new value given to the debtors under 11 U.S.C. § 547(c)(1) and, in the alternative, were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2). The trustee has filed a cross-motion for summary judgment.

## FACTUAL BACKGROUND

On November 4, 1988, each of the debtors filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. By order of this court, each of the debtors' Chapter 11 cases was converted to a case under Chapter 7 of the Bankruptcy Code and a trustee was appointed.

At present, the trustee has commenced approximately fifty preference actions and expects to file approximately thirteen more preference actions. The proceeds of any successful preference actions constitute the only remaining asset of the debtors' estates.

On March 11, 1992, the trustee filed an adversary complaint, which seeks to recover from Keener the amount of $40,307.89. The trustee asserts that this amount constitutes several voidable preferences pursuant to 11 U.S.C. §§ 547(b) and 550.

The defendant, Keener, is located in Clinton, North Carolina. Keener was one of the debtors' suppliers of wood products. In its answer to the trustee's complaint, Keener admits that within 90 days prior to the filing of the bankruptcy petition, the debtors made certain transfers to Keener in the amount of $40,307.89.

The parties' stated trade terms, as reflected on the invoices, were "2% 10 Days, Net 11th." *See Affidavit of Stewart in Support of Keener's Motion for Summary Judgment*, at 2; *Affidavit of Laveris in Support of Trustee's Cross–Motion for Summary Judgment*, Exhibit B. Under these terms, payment in full was due 11 days after the invoice date, and the debtors could take a 2% discount if payment was made in the first 10 days after the invoice date.

The trustee and Keener have submitted a ledger sheet and a table summarizing the ledger sheet, both prepared by Keener. *Affidavit of Laveris in Support of Trustee's Cross–Motion for Summary Judgment*, Exhibit A; *Affidavit of Stewart in Support of Keener's Motion for Summary Judgment*, Exhibit C. The court has added an additional column to the table and has included an expanded table as Appendix A to this opinion. The additional column states the number of days between the invoice billing date and the date Keener credited the debtors' account. Appendix A identifies 31 transactions between the debtors and Keener from January 3, 1986, the date the debtor's first order with Keener was shipped, to July 15, 1988, the date of the shipment by Keener to the debtors which resulted in the debtors' last payment prior to those payments made in the preference period. This period of time precedes the 90–day preference period and demonstrates the course of conduct between Keener and the debtors.

The trustee's complaint alleges that the debtors made three payments to Keener in the 90–day preference period. The following is a brief chart of the alleged preferences:

| INVOICE | DATE BILLED | AMOUNT | DEBTORS' ACCT. CREDITED | #–DAYS |
|---------|-------------|--------|-------------------------|--------|
| 14734 | 07–26–88 | 14,122.45 | 09–16–88 | 52 |
| 14746 | 08–04–88 | 11,264.40 | 09–16–88 | 43 |
| 14810 | 09–06–88 | 14,921.04 | 09–23–88 | 17 |

The trustee admits that the third preference, that which relates to invoice 14810, is not voidable because the number of days in which the debtors paid is consistent with the prior course of dealings between the parties, as evidenced in the ledger and summary table. *See Appendix A.* Therefore, the payment is subject to the ordinary

course of business defense codified at 11 U.S.C. § 547(c)(2). Accordingly, the trustee claims only one voidable preference, that payment made for invoice numbers 14734 and 14746, which totalled $25,386.85. The trustee's complaint is so amended to reflect this admission.

The July 26, 1988 shipment and the August 4, 1988 shipment were paid for by the debtors with check number 9619, dated September 13, 1988 in the amount of $25,-386.85. The debtors' check indicated that the payment was being made specifically for invoice numbers 14734 and 14746. *Trustee's Cross–Motion For Summary Judgment,* Exhibit B. Keener credited this payment to the debtors' account on September 16, 1988, applying the payment to those specific invoices. It is this one payment, for these two invoices, that the trustee now seeks to recover as preferential.

Prior to the September 16, 1988 payment, Keener shipped the debtor the September 6, 1988 order, for which the trustee is no longer seeking recovery as a preference. Keener argues that it was not unusual for the debtors to order products while one or more invoices was outstanding. Furthermore, Keener contends that the usual course of dealing between the parties was such that Keener honored the two percent discount even though payment was not made within ten days of the invoice.

Three shipments were sent on September 20, 1988, September 23, 1988, and September 30, 1988, totaling $24,404.46, all of which were not paid by the debtors and for which Keener has filed a claim in this case. This type of business relationship continued until Keener was notified of the debtors' filings in November of 1988 at which time Keener continued to ship wood products to the debtor on a "cash in advance" basis.

Keener argues that it had no knowledge that the debtors were insolvent prior to its filing bankruptcy and that the trustee may not recover the September 16, 1988 payment the debtors made because the payment was intended by the debtors and Keener to be a contemporaneous exchange for new value pursuant to 11 U.S.C. § 547(c)(1). Under this theory, Keener contends that because the July 26, 1988 invoice was not paid for until after Keener again shipped goods to the debtors on August 4, 1988, the September 16, 1988 payment which the trustee now seeks to recover as preferential did not constitute payment for an antecedent debt. Instead, Keener asserts that the September 16, 1988 payment resulted from "the extension of additional credit" and that because the check used to make the September 16, 1988 payment was presented for payment on September 19, 1988, the payment was in fact a substantially contemporaneous exchange as required under 11 U.S.C. § 547(c)(1)(B).

Keener also argues that the payment by the debtors that the trustee seeks to reclaim as a voidable preference was made in the debtors' ordinary course of business pursuant to 11 U.S.C. § 547(c)(2). Keener asserts that it was not unusual for it to receive payment from 20 to 45 days from the invoice date. Therefore, Keener argues that to the extent that the September 16, 1988 payment was for invoice number 14746, which was credited 43 days after invoice date, it was within the payment range that constituted the parties' course of conduct. To the extent that the September 16, 1988 payment was for invoice number 14734, that payment was credited to the debtors' account 52 days after the invoice date, which is not too far outside of the range Keener proffers as that which constituted the course of conduct between the parties. Moreover, Keener argues that 52 days is not in fact the appropriate number of days, but instead, several days earlier because that is when Keener received payment rather than when it credited the debtors' account.

The trustee argues that the affirmative defense of 11 U.S.C. § 547(c)(1) which Keener has raised is inapplicable because the September 16, 1988 payment by Keener was not intended by the parties to be a contemporaneous exchange for new value and that the payment was made to satisfy debt incurred 52 and 43 days previously, thereby making it not substantially contemporaneous in fact either.

The trustee also contends that the September 16, 1988 transfer by Keener in payment of invoice numbers 14734 and 14746, which had billing dates of July 26, 1988 and August 4, 1988, was made substantially later than any of the other payments relating to the 31 transactions documented in Appendix A, namely 52 and 43 days after the respective billing dates. Therefore, the September 16, 1988 transfer was not made in the ordinary course of business.

## DISCUSSION

 Keener has moved, and the trustee has cross-moved, for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this adversary by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–56, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362–63, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

Section 547(g) of the Bankruptcy Code provides that "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor ... has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g).

The trustee may avoid any transfer made by the debtor if the debtor made the transfer:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

 (A) on or within 90 days before the date of the filing of the petition ...; and

(5) that enables such creditor to receive more than such creditor would receive if—

 (A) the case were a case under chapter 7 of this title;

 (B) the transfer had not been made; and

 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The trustee has satisfied sections 547(b)(1) and (2) because the September 16, 1988 payment of $25,386.85 was made for the benefit of Keener, a creditor, and on account of an antecedent debt owed by the debtors before the payment was made. The stated trade terms were "2% 10 days, Net 11th," which meant that in any event, payment was required within 11 days. The check specifically stated that the payment was made for invoice numbers 14734 and 14746, which were shipped and billed on July 26, 1988 and August 4, 1988, respectively. Therefore, the payment was on account of antecedent debt and owed by the debtors before it was made.

 The trustee is deemed to have satisfied section 547(b)(3), that the debtors made the payment while insolvent, by virtue of section 547(f), which states that "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). Where the transferee offers no evidence regarding solvency, the trustee may rely upon the statutory presumption. *WJM, Inc. v. Massachusetts Department of Public Welfare*, 840 F.2d 996,

1010 (1st Cir.1988); *In re Coco*, 67 B.R. 365 (Bankr.S.D.N.Y.1986).

Keener has admitted the fourth requirement of section 547(b), that the debtors made certain transfers to it in the amount of $40,307.89 within 90 days prior to the petition date. *Answer*, at ¶ 2. The trustee has also met the fifth requirement of section 547(b), that the September 16, 1988 payment allowed Keener to receive more than it would have received had the debtors not made that payment and Keener received satisfaction of its debt as provided for by the Bankruptcy Code. The trustee argues that because the debtors' sole assets are its preference actions and because the maximum preference recoveries will be insufficient to pay the debtors' secured creditor, unsecured creditors will not receive any distribution. Accordingly, the trustee contends that any preferential payment to an unsecured creditor, such as Keener, enables that creditor to receive more than it will in these Chapter 7 cases. With this Keener does not take issue. Consequently, the trustee has made out a prima facie case that the September 16, 1988 payment constituted a preference pursuant to 11 U.S.C. § 547(b).

### *Contemporaneous Exchange for New Value under 547(c)(1)*

■ To establish a defense under section 547(c)(1), Keener must prove that the September 16, 1988 payment was

(A) *intended by the debtor and the creditor* to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1) (emphasis added). "New value" is defined as "money or money's worth in goods ..., but does not include an obligation substituted for an existing obligation." 11 U.S.C. 547(a)(2).

Keener must establish that the September 16, 1988 payment was "intended by the debtor and creditor" to be a contemporaneous exchange for new value. In *In re Fasano/Harriss Pie Co.*, 71 B.R. 287, 289–

90 (W.D.Mich.1987), the court held that payment by the debtor which the defendant creditor applied to antecedent debt could not be considered a contemporaneous exchange because the parties had not so specified. Notwithstanding that intent is a particularly factual inquiry and not appropriately resolved on a motion for summary judgment, Keener has offered neither evidence of the parties' intent nor evidence of the new value for which the payment was made. To the contrary, the check for the September 16, 1988 payment specifically indicated that it was to satisfy invoices 14734 and 14746, which related to shipments of July 26, 1988 and August 4, 1988. In fact, Keener applied the September 16, 1988 payment to those invoices as the debtors' check indicated. Accordingly, the transfer was intended by the debtors and Keener to be "for or on account of antecedent debt" rather than "a contemporaneous exchange for new value given to the debtor." *See, e.g., In re Miniscribe Corp.*, 123 B.R. 86, 92 (Bankr.D.Colo.1991); *In re Alpex Computer Corp.*, 60 B.R. 315, 319 (Bankr.D.Colo.1986).

### *Ordinary Course of Business under 547(c)(2)*

The transferee of a preferential payment may prevent a trustee from avoiding the transfer by satisfying the three requirements of 11 U.S.C. § 547(c)(2), which states:

(c) The trustee may not avoid under this section a transfer—

. . . .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2). Each element of section 547(c)(2) must be satisfied because the section is written in the conjunctive. There

can be no doubt that Keener has satisfied subsection (A) because the debtor made the September 16, 1988 transfer in payment of debt incurred in the ordinary course of its business on July 26, 1988 and August 4, 1988.

■ Section 547(c)(2)(B), the subjective prong of the statute, requires proof that the payment was ordinary compared to other business dealings between the parties. Section 547(c)(2)(C), the objective prong of the statute, requires that the transfer is ordinary with regard to the standards prevailing in the particular industry. *Logan v. Basic Distribution Corp. (In re Fred Hawes Organization, Inc.)*, 957 F.2d 239, 244 (6th Cir.1992), *reh'g en banc denied*, (April 10, 1992); *WJM*, 840 F.2d at 1010–11.

■ To the extent that the parties agree that the prior course of dealings between the debtors and Keener consist of the 31 transactions contained in Appendix A, the court need not require testimony on the issue, which would otherwise be a question of fact requiring an evidentiary hearing. However, to the extent that Keener asserts 11 U.S.C. § 547(c)(2) as an affirmative defense, Keener has raised a question of fact regarding the standards that prevail in the lumber or wood products industry for the payment of bills. Without agreement between the parties as to such industry standards, this court would require an evidentiary hearing to determine the standards. *See, e.g., In re Rave Communications, Inc.*, 128 B.R. 369, 372–73 (Bankr.S.D.N.Y. 1991). Such a question of fact precludes this court from granting the trustee's motion for summary judgment. At the same time, Keener has failed to satisfy its burden of proof as to section 547(c)(2) and therefore Keener's cross-motion for summary judgment is also denied.

### Subsequent Transfer for New Value under 547(c)(4)

■ Section 547(c)(4) of the Bankruptcy Code precludes a trustee from avoiding a transfer

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

11 U.S.C. § 547(c)(4). Section 547(c)(4), the "subsequent advance" rule, is a statutory offset under which a creditor may reduce an otherwise avoidable preference to the extent that the creditor, subsequent to receiving the preferential transfer from the debtor, provides credit on an unsecured basis for the debtor's purchase of goods or services. *In re Hancock–Nelson Mercantile Co. Inc.*, 122 B.R. 1006, 1016 (Bankr. D.Minn.1991). In the present case, Keener shipped goods to the debtors on three occasions subsequent to the September 16, 1988 payment and has not received payment for those shipments which totalled $24,404.46. The trustee is seeking to recover as a preference $25,386.85, the amount of the September 16, 1988 payment. Unfortunately, this court may not consider 11 U.S.C. § 547(c)(4) as a defense to the trustee's preference action because Keener has not pleaded it as an affirmative defense. Federal Rule of Bankruptcy Procedure 7008(c). *See In re Fisher*, 100 B.R. 351, 355–56 (Bankr.S.D.Ohio 1989) (failure to plead 547(c) affirmative defense resulted in waiver of that defense and its exclusion from the case). However, this court notes that the trustee's motion for summary judgment has been denied because Keener has raised an issue of fact under 11 U.S.C. 547(c)(2). Nonetheless, this court cites *In re Fabric Buys of Jericho, Inc.*, 22 B.R. 1010 (Bankr.S.D.N.Y.1982), in which the court found that

affirmative defenses must be set forth in the pleadings. The defendant did not plead either custom and usage or the exception under 547(c)(2) as an affirmative defense in its answer, thus the defendant may not raise these defenses in the instant motion for summary judgment. While this court recognizes the relevance of this contention, *see Carroll v. Paramount Pictures, Inc.*, 3 F.R.D.

47 (S.D.N.Y.1943), it is loath to invoke the harsh medicine of summary judgment on a procedural technicality. In *Rossiter v. Vogel*, 134 F.2d 908 (2d Cir. 1943), the Court stated "[w]here facts appear in affidavits upon a motion for summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment." *Id.* at 912.

*Id.* at 1013 (footnote omitted).[1] This court has not been asked and it need not now decide the applicability of section 547(c)(4) due to the denial of the trustee's motion for summary judgment.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(F).

2. The trustee's complaint is deemed amended so that the trustee no longer seeks recovery of September 23, 1988 payment for $14,122.45 relating to invoice number 14810.

3. The trustee has established that the September 16, 1988 payment made by the debtors to Keener is a preference pursuant to 11 U.S.C. § 547(b).

4. Keener has failed to establish pursuant to 11 U.S.C. § 547(c)(1) that the parties intended the September 16, 1988 payment as a contemporaneous exchange for new value rather than for or on account of antecedent debt. Therefore, Keener's cross-motion for summary judgment under section 547(c)(1) is denied.

5. Pursuant to 11 U.S.C. 547(c)(2), Keener has raised a question of fact regarding the standards that prevail in the lumber or wood products industry for the payment of bills. Such a question of fact requires an evidentiary hearing and therefore Keener's cross-motion for summary judgment is denied pursuant to section 547(c)(2).

6. The trustee's motion for summary judgment is denied.

SETTLE order on notice

### *APPENDIX A*

*Transactions Between Keener and Ajayem Before Preference Period*

| INVOICE | DATE BILLED | AMOUNT | DATE DEBTORS' ACCT. CREDITED | #–DAYS |
|---------|-------------|--------|------------------------------|--------|
| 13092 | 01–03–86 | 1,677.20 | 01–21–86 | 18 |
| 13115 | 01–14–86 | 1,729.35 | 01–29–86 | 15 |
| 13129 | 01–23–86 | 12,981.42 | 02–13–86 | 21 |
| 13148 | 02–04–86 | 5,026.64 | 03–03–86 | 27 |
| 13199 | 03–11–86 | 10,012.52 | 03–31–86 | 20 |
| 13221 | 03–25–86 | 10,513.86 | 04–09–86 | 15 |
| 13305 | 05–07–86 | 4,846.81 | 06–14–86 | 38 |
| 13323 | 05–21–86 | 11,958.45 | 06–16–86 | 26 |
| 13387 | 06–27–86 | 10,371.20 | 07–10–86 | 14 |
| 13469 | 08–13–86 | 10,574.93 | 08–28–86 | 15 |
| 13513 | 09–09–86 | 6,639.34 | 09–24–86 | 15 |
| 13539 | 09–25–86 | 787.52 | 10–16–86 | 21 |

1. As of June 11, 1992, Keener had not filed a claim in this case. In a Chapter 7 case, a creditor must file a claim because his claim will not be deemed filed pursuant to Bankruptcy Rule 1019(3).