**In re Richard J. RILEY.**

**Richard L. Cox, Trustee, Plaintiff,**

**v.**

**Kone Employees Credit Union, Defendants.**

**Bankruptcy No. 4:01–BK–42071M. Adversary No. 4:02–AP–1364.**

United States Bankruptcy Court, E.D. Arkansas, Western Division.

Aug. 22, 2003.

Richard L. Cox, Richard Cox, P.A., Hot Springs, AR, pro se.

R. Patt Pine, Dickerson Law Firm, Hot Springs, AR, Mark J. Schultz, Gallas & Schultz, Kansas City, MO, for Creditor.

Danyelle J. Walker, Sheila Campbell, P.A., Little Rock, AR, for Debtor.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On April 6, 2001, Richard J. Riley ("Debtor") filed a petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. On April 10, 2001, Richard L. Cox was appointed Trustee and continues to occupy that office. On December 12, 2002, the Trustee filed a complaint against Kone Employees Credit Union ("Kone") to recover three preferential transfers made within 90 days of the petition date totaling $15,650.00.

On June 23, 2003, a trial was held in Little Rock, Arkansas, and at the conclusion of the hearing the Court took the matter under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) (2000), and the Court has jurisdiction to enter a final judgment in this case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The facts are not in dispute. The Debtor held a VISA credit card issued by Kone. During the 90 days before the petition date, the Debtor made payment and incurred charges on the credit card. The transactions are set out as follows:

| DATE | PREFERENCE PAYMENTS | CREDIT ADVANCE |
|---|---|---|
| 1/25/01 | | $ 52.98 |
| 1/26/01 | | $ 1200.00 |
| 1/26/01 | $ 7050.00 | |
| 2/10/01 | | $ 29.95 |
| 2/14/01 | | $ 6.16 |
| 2/22/01 | $ 1100.00 | |
| 2/25/01 | | $ 143.21 |
| 2/26/01 | | $ 361.85 |
| 2/28/01 | | $ 750.00 |

| | | | |
|---|---|---|---|
| 3/02/01 | | $ | 182.89 |
| 3/03/01 | | $ | 20.00 |
| 3/03/01 | | $ | 21.40 |
| 3/03/01 | | $ | 16.07 |
| 3/03/01 | | $ | 42.80 |
| 3/03/01 | | $ | 39.90 |
| 3/04/01 | | $ | 50.00 |
| 3/05/01 | | $ | 64.24 |
| 3/05/01 | | $ | 53.51 |
| 3/05/01 | | $ | 2200.00 |
| 3/11/01 | | $ | 4200.00 |
| 3/16/01 | $ 7500.00 | | |
| 3/22/01 | | $ | 115.11 |
| 3/22/01 | | $ | 107.05 |
| 3/23/01 | | $ | 40.84 |
| 3/25/01 | | $ | 79.42 |
| 3/28/01 | | $ | 106.35 |
| 3/27/03 | | $ | 5000.00 |
| 4/03/01 | | $ | 1600.00 |

The Bankruptcy Code provides the following:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(2000).

The Trustee has the burden of proving the avoidability of a preferential transfer. 11 U.S.C. § 547(g) (2000); *Jones Truck Lines, Inc. v. Central States, Southeast & Southwest Areas Pension Fund (In re Jones Truck Lines)*, 196 B.R. 483, 489 (Bankr.W.D.Ark.1995), *rev'd on other grounds*, 130 F.3d 323 (8th Cir.1997). Through documentary evidence and his testimony at trial, the Trustee established the five elements of a preference as to each of the three transfers at issue. In presenting its case, Kone did not argue that the transfers were not preferences. Instead in its answer and at trial, Kone raised an affirmative defense pursuant to section 547(c)(1) of the Bankruptcy Code.

Kone's answer to the Trustee's complaint pleaded the following:

9. Affirmatively pleading, the transactions between the debtor and the Defendant were intended to be and, in fact were, contemporaneous exchanges for new value given the debtor.

10. Defendant reserves the right to plead further and to assert the defense of laches, estoppel, any applicable statute of limitations, and any other affirmative defenses available to the Defendant, including the right to file a summary judgment motion.

Response to Complaint to Avoid Preferential Transfer at 2.

Section 547(c)(1) provides as follows:

The Trustee may not avoid under this section a transfer—

(1) to the extent such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contempo-

raneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1) (2000).

■ The burden of proving this affirmative defense is on the transferee. 11 U.S.C. § 547(g)(2000); *Tyler v. Swiss Am. Sec., Inc. (In re Lewellyn & Co.)*, 929 F.2d 424, 427 (8th Cir.1991). The transferee must prove that the parties intended the transfer to be a contemporaneous exchange for new value, that the exchange was in fact contemporaneous, and that the debtor received new value for the transfer. *In re Lewellyn & Co.*, 929 F.2d at 427.

■ The evidence in this case does not establish the defense of contemporaneous exchange for new value. The relevant facts are that the Debtor accomplished a series of credit card transactions that included numerous charges and timely payments on the account in varying amounts during the 90 days before bankruptcy. The amounts of the payments and charges were never the same. These facts do not indicate that the parties intended the exchanges to be contemporaneous; that is, payment by the Debtor to Kone followed by a transfer of property of equal value to or for the benefit of the Debtor.

In explaining this subsection as it relates to credit transactions, a leading treatise on bankruptcy has stated, "Section 547(c)(1) protects transfers only to the extent that the creditor can show that the value given to the creditor equals the value received. The sparse legislative history of Section 547(c)(1) shows that it was meant to protect exchanges of property that might be considered credit transactions when the transactions were contemporaneous transfers." 5 Collier on Bankruptcy ¶ 547.04[1] (Alan N. Resnick & Henry J. Sommer *et al.* eds., 15th ed. rev.2003).

One court has explained why credit card transactions are not contemporaneous ex-

changes for new value: "By using a credit card, the credit card consumer does not intend a contemporaneous exchange for value. Instead, what is generally intended is the receipt of goods or services presently and time to pay for the same in the future." *Belfance v. Standard Oil Co. (In re Hersman)*, 20 B.R. 569, 573 (Bankr. N.D.Ohio 1982).

Moreover, courts have determined that the debtor involved in a credit card agreement who pays on his account does not receive "new value" even though the card issuer makes further credit available in exchange for a reduction in indebtedness by the debtor. The court in *In re Rustia* opined that credit card payments are not contemporaneous exchanges for new value for the following reason:

the availability of a line of credit to the debtors is not the correlative of an indebtedness owed by them to the extent of that credit line. . . . The availability of credit is not synonymous with the extension of credit; the estate is not augmented by the fact that the debtors' payments resulted in restoring their line of credit to the extent of payments. . . . Indeed, the [creditors'] obligation [under the agreement] to make available to the debtors a $2000 line of credit . . . was reinstituted by the substitution of available credit each time the debtors made a payment towards their account. An obligation substituted for an existing obligation is expressly excluded from the definition of new value in 11 U.S.C. § 547(a)(2).

*In re Rustia*, 20 B.R. 131, 134 (Bankr. S.D.N.Y.1982). *See also* 11 U.S.C. § 547(a)(2) (2000) (new value does not include an obligation substituted for an existing obligation).

Whether Kone has another affirmative defense to the avoidance action pursuant to subsection 547(c) is not an issue before the Court because Kone did not affirma-

tively plead any of the other defenses under this subsection. *See, e.g., Riezman v. Phillips Petroleum Co. (In re Telecommunication Servs., Inc.)*, 55 B.R. 83, 84–85 (Bankr.E.D.Mo.1985) (applying subsection 547(c)(4) as a defense by credit card issuer to trustee's preference action).

Federal Rule of Bankruptcy Procedure 7008(c)-(e) requires affirmative defenses to be specifically pleaded. *See, e.g., Apex Oil Co. v. Artoc Bank & Trust Ltd. (In re Apex Oil Co.)*, 265 B.R. 144, 160 (8th Cir. BAP 2001) (ruling that under Rule 7008(c), any matter constituting avoidance or affirmative defense must be pled in responsive pleading or it is waived), *rev'd on other grounds*, 297 F.3d 712 (8th Cir.2002); *CEPA Consulting, Ltd. v. New York Nat'l Bank (In re Wedtech Corp.)*, 187 B.R. 105, 111 (S.D.N.Y.1995) (holding bankruptcy court did not abuse discretion by refusing to allow amended answer raising affirmative defense); *Barnes v. Heckman (In re Material Engineering Assocs., Ltd.)*, 168 B.R. 204, 209 (Bankr.W.D.Mo.1994) (stating that failure to plead mistake as affirmative defense to trustee's avoidance action waived defense); *Sapir v. Keener Lumber Co. (In re Ajayem Lumber Corp.)* 143 B.R. 347, 353 (Bankr.S.D.N.Y.1992) (stating that section 547(c)(4) "subsequent advance" rule was not pleaded affirmatively and could not be used to defend against Trustee's preference action); *Scott v. Almiro Fur Fashion Design (In re Fisher)* 100 B.R. 351, 355–56 (Bankr.S.D.Ohio 1989) (holding contemporaneous exchange and ordinary course of business defenses to preference were waived because not affirmatively pleaded). *See also* 5 Federal Practice and Procedure § 1274 (Charles Alan Wright & Arthur R. Miller, eds., 2d ed.1990).

*But see Katz v. Ida K. Stark Trust (In re Van Dyck/Columbia Printing)*, 289 B.R. 304, 316 (D.Conn.2003)(ruling that bankruptcy court did not abuse discretion by allowing post trial amended pleadings to conform to evidence of affirmative defenses to trustee's preference action); *Allen Petroleum Creditors Trust v. Patel (In re Allen Petroleum Co.)*, 2000 WL 33710882 at *2 (Bankr.D.S.C. Aug.17, 2000) (stating that without unfair surprise or prejudice to plaintiff, affirmative defense not waived for failure to raise in original answer); *Redmond v. Ellis County Abstract & Title Co. (In re Liberty Livestock Co.)*, 198 B.R. 365, 375–76 (Bankr.D.Kan.1996) (holding section 547(c) affirmative defense to preference action not waived when raised in pretrial order and no prejudice to the trustee resulted).

In conclusion, the Trustee established that the transfers at issue were preferences. Kone's affirmative defense of contemporaneous exchange for new value is not applicable in this case. Therefore, the Trustee is entitled to judgment for all of the preferential transfers totaling $15,650.00.

IT IS SO ORDERED.