In re Talena Laverne DUNCAN,
Debtor.

Jeffrey D. Richardson,
Trustee, Plaintiff,

v.

Fleet Credit Card Services,
L.P., Defendant.

Bankruptcy No. 03–75717.
Adversary No. 04–7037.

United States Bankruptcy Court,
C.D. Illinois.

June 30, 2004.

Jeffrey D. Richardson, Decatur, IL, for Trustee/Plaintiff.

Bruce de'Medici, Oak Park, IL, for Fleet Credit Card Services, L.P.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor's use of her credit card following a preferential payment to the credit card company falls within the new value exception of 11 U.S.C. § 547(c)(4).

The material facts are not in dispute. The Debtor, Talena Duncan, had a credit card with the Defendant, Fleet Credit Card Services, L.P. On October 5, 2003, the Debtor made a $2,000 payment to Fleet. The Debtor testified at her deposition that she did not have any oral or written communications with Fleet prior to making this payment other than her monthly statement from Fleet. An agent for Fleet agreed that the only communications between Fleet and the Debtor regarding the $2,000 were the regular account statements. No negotiations took place between Fleet and the Debtor regarding this payment.

On October 14, 2003, the Debtor charged $1,500 to her Fleet card via a balance transfer payment. In addition, the Debtor made other charges to her Fleet card totaling $755.93 between October 1, 2003, and October 20, 2003.

The Debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code on December 11, 2003. The Plaintiff, Jeffrey D. Richardson, is the Debtor's Chapter 7 Trustee.

On February 27, 2003, the Trustee filed an adversary complaint against Fleet seeking to recover the $2,000 payment as a preference pursuant to 11 U.S.C. § 547(b), which provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Trustee has the burden of proving the avoidability of a preferential

transfer. 11 U.S.C. § 547(g). The documentary evidence establishes that the Debtor transferred $2,000 to Fleet on account of an antecedent debt within 90 days before the filing of the petition and that the transfer allowed Fleet to receive more than other creditors. Insolvency is presumed under § 549(f).

Fleet does not argue that the transfer was not a preference. Instead, Fleet asserts an affirmative defense pursuant to 11 U.S.C. § 547(c)(4), which provides as follows:

> The Trustee may not avoid under this section a transfer—
>
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
> (A) not secured by an otherwise unavoidable security interest; and
>
> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor(.)

■ The preference statute was enacted to promote the equality of the distribution of assets among creditors because a preference does not merely diminish an estate, it does so unfairly. Therefore, § 547(b) was designed to recover funds to the estate for equitable distribution among creditors and to avoid transactions that favor certain creditors. The exceptions to § 547(b) contained in § 547(c) were enacted to encourage creditors to deal with struggling businesses on regular business terms. In particular, the subsequent advance rule of § 547(c)(4) promotes the fair treatment of creditors who have replenished the estate after receiving a preference. A preferential transfer to a creditor who subsequently advances new value does not deplete the bankruptcy estate to the disadvantage of other creditors. *In re Prescott,* 805 F.2d 719, 731 (7th Cir.1986);

*In re Kroh Bros. Dev. Co.,* 930 F.2d 648, 652 (8th Cir.1991).

■ There are three key elements to the subsequent advance defense: First, the creditor must give unsecured new credit. Second, the new credit must be given after the preferential transfer. Third, the post-preference new credit must remain unpaid in whole or in part as of the date of the filing. *In re Login Bros. Book Co., Inc.,* 294 B.R. 297, 299 (Bankr.N.D.Ill. 2003); *In re Sonicraft, Inc.,* 238 B.R. 409, 414 (Bankr.N.D.Ill.1999). The creditor has the burden of establishing the elements of the subsequent advance defense. 11 U.S.C. § 547(c).

■ Fleet has satisfied all three elements of its affirmative defense. Following the $2,000 preferential payment on October 5, 2003, Fleet advanced more than $2,000 in additional unsecured credit to the Debtor. These post-preference advances remained unpaid on the filing date of the Debtor's petition. Therefore, Fleet may set off the post-preference payments against the preferential payment. *See In re Roemig,* 123 B.R. 405, 408 (Bankr. D.N.M.1991); *In re Telecommunication Services, Inc.,* 55 B.R. 83 (Bankr.E.D.Mo. 1985); *In re Vunovich,* 74 B.R. 629, 632 (Bankr.D.Kan.1987); *In re Rustia,* 20 B.R. 131, 136 (Bankr.S.D.N.Y.1982).

The cases cited by the Trustee are not on point. *In re Riley,* 297 B.R. 122 (E.D.Ark.2003) dealt with the contemporaneous exchange for new value exception of § 547(c)(1), not the subsequent advance exception of § 547(c)(4). The *Riley* court noted applicability of § 547(c)(4) as a defense by a credit card issuer to a preference action, but found that the defendant had waived the affirmative defense by failing to plead it. 297 B.R. at 126. *In re Spitler,* 213 B.R. 995, 999 (Bankr.N.D.Ohio 1997) did not express an opinion as to the

applicability of § 547(c)(4) to a situation as is the case where the debtor actually uses the credit card after the preferential payment.

For the foregoing reasons, summary judgment is granted in favor of Fleet Credit Card Services, L.P. and against the Trustee.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that summary judgment be and is hereby granted in favor of Fleet Credit Card Services, L.P. and against the Trustee.

IT IS FURTHER ORDERED that the Trustee's complaint to avoid the preferential transfer to Fleet Credit Card Services, L.P be and is hereby denied.